IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | Criminal No. 1:20-mj-167 (JFA) |
| | ) | |
| MONIKA MAGDALENA JAWORSKA | ) | |
| and | ) | |
| TARIK JAAFAR | ) | **Filed Under Seal** |
| | ) | **Pursuant to Local Rule 49(B)** |
| Defendants. | ) | |

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANTS

I, Lee Bacon, being first duly sworn, hereby affirm and state:

### INTRODUCTION

1. I am currently employed as a Special Agent/Criminal Investigator for the U.S. Small Business Administration ("SBA"), Office of Inspector General ("OIG"), Washington, DC. I have been a Special Agent with the SBA-OIG for approximately 20 years and 1 month. I graduated from Indiana University with a Bachelor's Degree in Criminal Justice in 1992. I graduated from Florida State University with a Master's Degree in Criminology in 1997. In 2000, I completed the 12-week Federal Basic Criminal Investigator Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia. In 2001, I completed the four week Inspector General Academy training program in Glynco, Georgia. As a Special Agent with the SBA-OIG, I have conducted numerous white-collar fraud investigations to include loan fraud, mortgage fraud, contract fraud, false statements, and theft of government property. I am the SBA OIG case agent assigned to the investigation of TARIK JAAFAR and MONIKA MAGDALENA JAWORSKA.

2. I am assigned to this investigation and have participated in it since the case was initiated. My involvement has included interviewing witnesses, and reviewing financial and other records provided to me by financial institutions and other entities.

3. This affidavit is submitted for the limited purpose of establishing probable cause. The facts in this affidavit are based on my investigation, personal observations, training, and experience, as well as information provided to me by others, including investigators, law enforcement officers, and third parties. Because this affidavit is limited in purpose, I am not including all facts known to law enforcement concerning this investigation.

## PURPOSE OF AFFIDAVIT

4. This affidavit is submitted in support of a criminal complaint charging from in or about April 2020 to in or about May 2020 in the Eastern District of Virginia and elsewhere, defendants TARIK JAAFAR and MONIKA MAGDALENA JAWORSKA knowingly and intentionally conspired and agreed with each other to commit wire fraud, contrary to Title 18, United States Code, Section 1343, by knowingly devising and intending to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, and to transmit and cause to be transmitted interstate wire communications in furtherance of the conspiracy, in violation of Title 18, United States Code, Section 1349.

## STATEMENT OF FACTS SUPPORTING PROBABLE CAUSE

*The Paycheck Protection Program*

5. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act is a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19

pandemic. One source of relief provided by the CARES Act was the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP"). In or around April 2020, Congress authorized over $300 billion in additional PPP funding.

6. In order to obtain a PPP loan, a qualifying business must submit a PPP loan application, which is signed by an authorized representative of the business. The PPP loan application requires the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application, the small business (through its authorized representative) must state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures are used to calculate the amount of money the small business is eligible to receive under the PPP. In addition, businesses applying for a PPP loan must provide documentation showing their payroll expenses.

7. A PPP loan application must be processed by a participating financial institution (the lender). If a PPP loan application is approved, the participating financial institution funds the PPP loan using its own monies, which are 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, is transmitted by the lender to the SBA in the course of processing the loan.

8. PPP loan proceeds must be used by the business for certain permissible expenses— payroll costs, interest on mortgages, rent, and utilities. The PPP allows the interest and principal on the PPP loan to be entirely forgiven if the business spends the loan proceeds on these expense

items within a designated period of time (usually eight weeks of receiving the proceeds) and uses a certain percentage of the PPP loan proceeds on payroll expenses.

*Tarik Jaafar, Monika Jaworska and Related Entities*

9. TARIK JAAFAR ("JAAFAR") and MONIKA MAGDALENA JAWORSKA ("JAWORSKA") are married to each other and are both naturalized citizens of the United States. According to information obtained in the investigation from the Virginia Department of Motor Vehicles, JAAFAR resides at 14828 Potomac Branch Drive, Woodbridge, Virginia 22191, and JAWORSKA resides at 22695 Lamoreaux Landing Square, Ashburn, Virginia 20148. Both locations are within the Eastern District of Virginia.

10. Commonwealth of Virginia records reflect that JAAFAR and/or JAWORSKA registered at least four business entities in Virginia: Blue Pearl, LLC; Global Capital Financing, LLC; Washington Capital Group, LLC; and Visla Capital LLC (collectively referred to as "the four businesses").

   a. According to Secretary of State Records, Blue Pearl, LLC, was formed on July 29, 2011, by JAAFAR. The entity's registration lapsed in June 2017. The business was reinstated on April 27, 2020.

   b. According to Secretary of State Records, Global Capital Financing, LLC, was formed on March 24, 2010, by JAAFAR. On more than one occasion, the entity's registration lapsed and was reinstated. It was most recently reinstated on February 26, 2020 and on April 26, 2020, the registered agent was changed from JAWORSKA to JAAFAR.

   c. According to Secretary of State Records, Washington Capital Group, was formed on October 27, 2013, by JAAFAR. Throughout the history of the

        registration of the entity, the registered agent oscillated between JAAFAR and JAWORSKA. Most recently, the registered agent was changed to JAAFAR on September 17, 2018.

    d. According to Secretary of State Records, Visla Capital, LLC, was formed in Virginia on November 20, 2012, by JAWORSKA. On more than one occasion, the entity's registration lapsed and was reinstated. It was most recently reinstated on April 27, 2020.

11. Loan applications submitted by JAAFAR and/or JAWORSKA list the address of Blue Pearl, LLC, as 1765 Greensboro Station Place, McLean, Virginia 22102, located within the Eastern District of Virginia. A law enforcement officer working on this investigation visited the location. Blue Pearl, LLC, was not listed on any building directory. The location was a shared office space in which various businesses and individuals can rent space. The company which manages the shared office space confirmed that Blue Pearl, LLC, JAAFAR nor JAWORKSA did not rent space at the location.

12. Loan applications submitted by JAAFAR and/or JAWORSKA list the address of Global Capital Financing, LLC, as 8300 Greensboro Drive, McLean, Virginia 22102, located within the Eastern District of Virginia. A law enforcement officer working on this investigation visited the location. Global Capital Financing, LLC, was not listed on any building directory. The location was a shared office space in which various businesses and individuals can rent space to work. The company which manages the shared office space confirmed that Global Capital Financing, LLC., JAAFAR nor JAWORKSA did not rent space at the location.

*PPP Loan Applications Submitted by Jaafar and Jaworska*

13.     Between April 13, 2020 and May 6, 2020, JAAFAR and JAWORSKA submitted eighteen PPP loan applications containing materially false statements to twelve financial institutions. The financial institutions' records reflect that all the PPP loan applications and supporting documentation were submitted online. In addition, financial institutions wired funds and sent email communications to JAAFAR and/or JAWORSKA. As a result, JAWORSKA and JAAFAR caused interstate wire communications to be sent in furtherance of the conspiracy.

14.     Specifically, JAWORSKA applied for fourteen loans and JAAFAR applied for four. JAAFAR and JAWORSKA submitted all of the PPP loan applications in the names of the four businesses.

15.     All eighteen of the loan applications submitted by JAAFAR and JAWORSKA included material misrepresentations in that they lied to the financial institutions regarding the four businesses' 2019 and/or 2020 wage and federal payroll tax information. This information was material to the financial institutions' decisions about whether the loan applications met the PPP criteria and how much of a loan the businesses were eligible to receive. Specifically, in support of all eighteen loan applications JAAFAR and JAWORSKA provided the financial institutions false and fraudulent Internal Revenue Service ("IRS") Forms 941, known as "Employer's Quarterly Federal Tax Return." The applications were false and fraudulent in that JAAFAR and JAWORSKA claimed that the IRS Forms 941 had been filed with the IRS for each of the four businesses for periods covering tax years 2019 and/or 2020. However, the IRS has searched its records for the four businesses, including using their specific employer identification numbers ("EINs"), and the IRS has no records of any filed IRS Forms 941 or filed Federal Income Tax Returns for any part of 2019 or 2020 for any of the four businesses.

16. Based on the material misrepresentations contained in the loan applications regarding the IRS Forms 941, four of the eighteen PPP loan applications were approved. And $1,438,500 was disbursed to the four businesses from three different financial institutions. Of the $1,438,500 disbursed, a portion of the funds have subsequently been frozen.

*Fraudulent PPP Loan Application to Lender 1 for Blue Pearl, LLC*

17. According to records provided by Lender 1, on or about May 5, 2020, JAWORSKA submitted an online loan application package in support of a $445,000 PPP loan for Blue Pearl, LLC, with the EIN 45-3364868. Included with the application package was a copy of JAWORSKA's driver's license.

18. Lender 1 provided the government with SBA Form 2483, Paycheck Protection Program Borrower Application Form, that was submitted with the loan package and bearing the electronic signature of JAWORSKA. On the application, JAWORSKA listed her email address as monikabluepearl@gmail.com and her title as President. To support the loan amount, the application represented that Blue Pearl, LLC, had an average monthly payroll of $177,965.21 which supported 23 employees. Purported payroll records and filed Forms 941 were submitted to support the loan application. JAWORSKA also certified that Blue Pearl, LLC, "was in operation on February 15, 2020 and has employees for whom it paid salaries and payroll taxes or paid independent contractors." However, the evidence obtained in the investigation demonstrates that this certification was false because the purported filed IRS documents provided to Lender 1 were falsified, as the IRS has no record of them ever being filed. Therefore, the loan application included materially false statements.

19. Based on the documentation provided by JAWORSKA, Lender 1 approved the $445,000 PPP loan to Blue Pearl, LLC, on May 7, 2020. The loan was disbursed in the form of a cashier's check.

20. On May 8, 2020, JAAFAR deposited the cashier's check in a Blue Pearl, LLC, account at Capital One located in McLean, Virginia, within the Eastern District of Virginia. A photograph of JAAFAR depositing the check was obtained from Capital One in the course of the investigation. JAAFAR had sole signatory on the Blue Pearl, LLC account. The account was opened by JAAFAR on May 5, 2020 with a $250 deposit.

### *Fraudulent PPP Loan Application to Lender 1 for Global Capital Financing, LLC*

21. According to records provided by Lender 1, on or about April 23, 2020, JAAFAR submitted an online loan application package in support of a $405,200 PPP loan for Global Capital Financing, LLC, with EIN 27-4241749. Included with the application package was a copy of JAAFAR's driver's license.

22. Lender 1 provided the government with SBA Form 2483 that was submitted with the loan package and bearing the electronic signature of JAAFAR. On the application, JAAFAR listed his email address as tarik@globalcapitalfinance.com and his title as President. To support the loan amount, the application represented that Global Capital Financing, LLC, had an average monthly payroll of $162,042.05 which supported 21 employees. Purported payroll records and filed Forms 941 were submitted to support the loan application. JAAFAR also certified that Global Capital Financing, LLC, "was in operation on February 15, 2020 and has employees for whom it paid salaries and payroll taxes or paid independent contractors." However, the evidence obtained in the investigation demonstrates that this certification was false because the

8

purported filed IRS documents provided to Lender 1 were falsified, as the IRS has no record of them ever being filed. Therefore, the loan application included materially false statements.

23. Based on the documentation provided by JAAFAR, Lender 1 approved the $405,200 PPP loan to Global Capital Financing, LLC, on April 28, 2020. The loan was disbursed in the form of a cashier's check.

24. On May 8, 2020, JAAFAR deposited the cashier's check in a Global Capital Financing, LLC account at M&T Bank in Washington, D.C.

### *Fraudulent PPP Loan Application Submitted to Lender 2 for Visla Capital, LLC*

25. According to records provided by Lender 2, on or about April 22, 2020, JAWORSKA submitted an online loan application package in support of a $253,700 PPP loan for Visla Capital with the EIN 46-3033040. Included with the application package was a copy of JAWORSKA's driver's license.

26. Lender 2 provided the government with SBA Form 2483 that was submitted with the loan package and bearing the electronic signature of JAWORSKA. On the application, JAWORSKA listed her email address as vislacapital2012@hotmail.com and her title as President. To support the loan amount, the application represented that Visla Capital had an average monthly payroll of $101,500 which supported 14 employees. Purported payroll records and filed Forms 941 were submitted to support the loan application. JAWORSKA also certified that Visla Capital "was in operation on February 15, 2020 and has employees for whom it paid salaries and payroll taxes or paid independent contractors." However, the evidence obtained in the investigation demonstrates that this certification was false because the purported filed IRS documents provided to Lender 2 were falsified, as the IRS has no record of them ever being filed. Therefore, the loan application included materially false statements.

27. Based on the documentation provided by JAWORSKA, Lender 2 approved the $253,000 PPP loan to Visla Capital on May 4, 2020. The loan was disbursed in the form of a deposit in a Visla Capital account with Lender 2.

28. After the loan was disbursed, through three separate transactions, approximately $252,500 of the loan proceeds were wire transferred to a Capital One account in the name Visla Capital for which JAAFAR had sole signatory authority. JAAFAR was captured on video withdrawing $30,000 in cash, during two separate transactions in May 2020, from the account at Capital One located in Arlington, Virginia, within the Eastern District of Virginia.

*Fraudulent PPP Loan Application Submitted to Lender 3 for Blue Pearl, LLC*

29. According to records provided by Lender 3, on or about April 25, 2020, JAWORSKA submitted an online application package in support of a $423,047 PPP loan for Blue Pearl, LLC, and submitted it to Lender 3. Included with the application package was a copy of JAWORSKA's driver's license

30. Lender 3 provided the government with SBA Form 2483 which was submitted with the loan package and bearing the electronic signature of JAWORSKA. On the application, JAWORSKA listed her email address as monikabluepearl@gmail.com and her title as President. To support the loan amount, the application represented that the Blue Pearl, LLC, had an average monthly payroll of $169,219 and 23 employees. Purported payroll records and filed Forms 941 were submitted to support the loan application. JAWORSKA also certified that Blue Pearl, LLC "was in operation on February 15, 2020 and has employees for whom it paid salaries and payroll taxes or paid independent contractors." However, the evidence obtained in the investigation demonstrates that this certification was false because the purported filed IRS documents

provided to Lender 3 were falsified, as the IRS has no record of them ever being filed. Therefore, the loan application included materially false statements.

31. After Lender 3 approved the loan, JAWORSKA and JAAFAR appeared at a different branch of Lender 3, located in Leesburg, Virginia, within the Eastern District of Virginia, on May 4, 2020, and requested a cashier's check be made out to a third party. The branch declined to provide the check and contacted the office of Lender 3 that approved the loan. Upon further review of the application, Lender 3 canceled the loan.

32. On May 5, 2020, and May 6, 2020, JAWORSKA called Lender 3 on the telephone and requested information as to why the loan was canceled. JAAFAR participated on the call that occurred on May 5, 2020.

### *Planned Flight from the United States*

33. On May 19, 2020, another law enforcement officer visited the home addresses of record for JAAFAR and JAWORSKA. No one answered the door at either location; however, the law enforcement officer could tell that people were present at 22695 Lamoreaux Landing Square, Ashburn, Virginia 20148. The law enforcement officer left his card at the location. Later that day, an attorney called the law enforcement officer stating that he represented JAAFAR. Counsel for the United States informed counsel for JAAFAR that JAAFAR was a target of the investigation and had several follow-up conversations with JAAFAR's counsel, the most recent occurring on June 16, 2020. On June 17, 2020, JAAFAR purchased one-way tickets for himself and JAWORSKA to fly from New York to Poland on June 20, 2020. There is no reason to believe that JAAFAR's counsel has any knowledge of JAAFAR's intent to leave the country.

## CONCLUSIONS OF AFFIANT

34. Based on my training and experience, and the information provided in this affidavit, your affiant believes there is probable cause to believe that from in or about April 2020 through in or about May 2020, in the Eastern District of Virginia, TARIK JAAFAR and MONIKA MAGDALENA JAWORSKA committed conspiracy to commit wire fraud, in violation of Title 18, United States Code, 1349. I respectfully request that warrants be issued for their arrest.

Respectfully submitted,

LEE BACON
Special Agent
SBA-OIG

Subscribed and sworn in accordance with Fed. R. Crim. P. 4.1 via telephone on June 19, 2020.

John F. Anderson
Digitally signed by John F. Anderson
Date: 2020.06.19 16:06:09 -04'00'

The Honorable John F. Anderson
United States Magistrate Judge
Eastern District of Virginia