UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 1:20-cr-185-CMH |
| | : The Hon. Claude M. Hilton |
| TARIK JAAFAR, | : |
| Defendant. | : |

### DEFENDANT'S SENTENCING MEMORANDUM

Comes Now, Defendant Tarik Jaafar, by and through counsel, Jeffrey D. Zimmerman, and submits his sentencing memorandum. Defendant respectfully submits that a variance sentence of time-served would be fair and just under 18 U.S.C § 3553(a).

**I.      SENTENCING GUIDELINES**

Mr. Jaafar agrees that his Sentencing Guidelines are properly calculated at an Offense Level 17 at Criminal History Category I, for an advisory sentencing range of 24 to 30 months. *See Presentence Investigation Report* at 22 ¶ 96-97 (Doc. 58) (filed 11/4/20) [hereinafter *PSR*]. It is worth noting that, while we agree that the intended loss was the amount of loan money disbursed ($1.4M), the actual loss was zero. All loan proceeds were frozen before being withdrawn except for $30,000 and that was recovered upon Mr. Jaafar's arrest. He did not spend a single penny of the loans.[1] For reference, based on an actual loss of either zero (or even the $30,000 withdrawn, which was quickly recovered), his advisory Sentencing Guideline range,

---

[1] Mr. Jaafar agrees to forfeiture of all the proceeds and to full restitution. Since all proceeds were frozen and all the cash recovered, Mr. Jaafar anticipates that the government will seek to return those proceeds to the banks that issued them.

after a reduction for acceptance of responsibility, would be 0-6 months. *See* USSG §2B1.1(a)(2) & (b)(1)(A), (C).

> II.     **A VARIANCE SENTENCE OF TIME SERVED IS WARRANTED UNDER 18 U.S.C § 3553(a)**

This was a stupid, profitless crime that has absolutely destroyed Tarik Jaafar's life and will forever have a severe, negative impact on his future. As noted above, Mr. Jaafar did not end up spending any of the loan proceeds. Moreover, as the government recognizes: "While still not justified, it appears that he did not intend to the use the funds for lavish spending, but instead to support his family." *See* Doc. 60 at 7. That is absolutely correct. Mr. Jaafar's family has been struggling since he became unemployed in 2019. This does not justify his conduct, but it is the context for it.

Mr. Jaafar deeply regrets his actions. As he writes to the Court: "I am deeply sorry for applying for loans to which I was not entitled. These actions were wrong. I consider myself to be an honorable person and these actions do not reflect that. I had a long and successful career but have been unemployed since 2019. I was desperate just to survive with my family. That does not excuse my actions." *See Exhibit 1* (letter from Tarik Jaafar). He also regrets the circumstances that led to his arrest on June 20, 2020. At the time of Mr. Jaafar's arrest, he correctly understood that he was free to travel. *See* Doc. 50, Ex. 1 at 7 (transcript of bond hearing held on September 11, 2020) (defense counsel noting that "at the time of that travel to New York he was under no legal restraint. He was merely being investigated for criminal activity."). Nonetheless, he acknowledges that he "made a mistake in planning travel without advising the government…. While I was free to travel, I was also in the process of negotiating a plea agreement with the government. They were having meetings with me and my lawyer to work out a fair result and I should have advised them of my travel plans." *See Exhibit 1.*

Tarik Jaafar's parents and siblings have submitted letters on behalf of Mr. Jaafar attesting to his devotion to his family.  *See Exhibit 2* (letters in support of Mr. Tarik Jaafar). His parents, Abdelkadir Jaafar and Halima Al Arabi, write that Tarik has dedicated his life to his family. They write that he supported them whenever they struggled financially, that through his hard work he "lift[ed] us from misery," and that he built for them the house where they currently reside. Mr. Jaafar's sister, Loubna Jaafar, also writes that he "raised us from the poverty in Morocco and built us a house" in their native city. He also sent the family clothes and gifts and helped them financially starting from the first week he arrived in the United States.

Soukayna Jaafar, his other sister, tells the Court that Tarik has helped her financially and also paid for her law school tuition. Karim Jaafar, Mr. Jaafar's younger brother, writes that Tarik has always been a supportive mentor to him. "He always supported me emotionally, psychologically, and financially whenever I needed it."

In addition, Tarik Jaafar has been active in humanitarian efforts. Father Jean-Claude Atusameso, a Roman Catholic Priest in Arlington, has known Mr. Jaafar for ten years.  See *Exhibit 2*.  During that time, he worked with Mr. Jaafar on many humanitarian aid programs to provide needed assistance to help bring the poor out of poverty. Jean Augustin Tsafack Djiague, a business associate of twelve years, also writes of Mr. Jaafar's devotion to humanitarian aid missions. In addition, "Tarik has proven himself to be a caring human being who comforted my family" in times of need.

Below, starting on the next page, are pictures of Mr. Jaafar with his wife and children:











### III. CONCLUSION

Mr. Jaafar has been in continuous custody since his arrest on June 20, 2020. Thus, by his sentencing date, he will have served nearly five months incarceration. As noted above, this would be near the high end of the 0-6 month advisory range for the *actual loss of zero.* While the appropriately calculated range is for the amount of money disbursed (and then frozen), Mr. Jaafar withdrew only $30,000 of those proceeds and did not spend a penny of it before it was recovered by the government.

This profitless offense has completely destroyed his life. His felony conviction will prevent him from working back in the financial sector – and well beyond. Jail has been an agonizing experience for Tarik Jaafar. Every moment of every day feels like forever. He is broken and remorseful. He has spent his life helping others and ruined his life when he was looking to support his immediate family. He has admitted his guilt, accepted responsibility, and is eager to work with the government to make sure all the seized money is returned and that everyone will soon be made whole. We respectfully submit a sentence of time-served is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. §3553(a).

Respectfully submitted,

TARIK JAAFAR
By Counsel

/s/
Jeffrey Zimmerman, Esquire
Virginia State Bar No. 38858
Jeffrey Zimmerman, PLLC
108 N. Alfred Street
Alexandria, VA 22314
Telephone Number: (703) 548-8911
Facsimile Number: (703) 548-8935
Email Address: www.zimpacer.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 11th day of November 2020, a true and accurate copy of the foregoing was electronically filed and served via the Court's CM/ECF system to all counsel of record and a copy was emailed to Senior United States Probation Officer Kelly M. Smihal.

                                                        _____/s/_____
                                                       JEFFREY D. ZIMMERMAN